## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

DeANDRE DAMPIER                                                    PETITIONER

VERSUS                            CIVIL ACTION NO.    3:08CV310 WHB-LRA

WALTER TRIPP                                                       RESPONDENT

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court on the [10] Motion to Dismiss filed by Walter Tripp [hereinafter Respondent]. Respondent moves this Court to dismiss the Petition for Writ of Habeas Corpus of Deandre Dampier [hereinafter Petitioner], for failure to state a claim upon which relief can be granted. Having carefully considered all briefing on the matter and all the applicable law, the Undersigned hereby recommends as follows:

## FACTS AND PROCEDURAL HISTORY

Petitioner was convicted of capital murder in the Circuit Court of Rankin County, Mississippi on September 13, 2006. He was sentenced to a serve a life sentence, without the possibility of parole in the Mississippi Department of Corrections. (Exhibit A).[1] On January 24, 2008, Petitioner's conviction and sentence were affirmed by the Mississippi Supreme Court. **Dampier v. State**, 973 So. 2d 221 (Miss. 2008). On May 15, 2008, Petitioner filed *a pro se* Motion for Post-Conviction Relief raising the following as grounds (as stated by Petitioner):

---

[1] Unless otherwise indicated, all exhibits reference the exhibits to Respondent's pleadings.

1. I didn't have jury of my peers.  Out of the ones that showed up for jury duty.  There was only one black.  So there was 11 white and 1 black.

2. There's a videotape involving cars on a highway.  There were facts that was said but not proven.

3. My lawyer made out his jury rules an non of them wasn't allow. Only one of them was an that was that I have the right to testify.

4. There wasn't no hands on evidence to say that I was the gunman.

(Exhibit D).  On May 16, 2008, Petitioner signed his [1] Petition for Writ of Habeas Corpus, and it was received and stamped "filed" by the Clerk of this Court on May 19, 2008.   On June 25, 2008, the Mississippi Supreme Court denied Petitioner's Application for Leave to Proceed in the Trial Court, finding the issues raised therein were procedurally barred by Miss.  Code Ann. §99-39-27(5).

## ANALYSIS

In order to receive habeas relief, a habeas corpus petitioner must set forth grounds establishing that he has been deprived of some right secured to him by the Constitution or the laws of the United States.   28 U.S.C. §2254(a); **Irving v. Thigpen**, 732 F.  2d 1215, 1216 (5th Cir.  1984). Respondent therefore argues  the subject habeas petition should be dismissed because Petitioner fails to state any grounds for habeas relief.  In support, Respondent points to  Petitioner's failure to complete his habeas petition, which provides the following instructions:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.

(See Petition for Writ of Habeas Corpus, pg.  6). Because Petitioner left this section blank, Respondent submits  the petition should be dismissed with prejudice because it fails to state any grounds upon which this Court may grant habeas relief.

In the interest of justice, the Court was not inclined to recommend dismissal solely based on Petitioner's failure to state his grounds for habeas relief, as this was a correctable error.  The Undersigned, *sua sponte*, therefore issued an [11] Order granting Petitioner additional time to amend his habeas petition, to set forth the grounds and supporting facts, for which he claims he is entitled to federal habeas relief.  Said order also cautioned that failure to comply would result in the dismissal of the instant habeas petition without further notice.  The docket reflects that time period for amending has lapsed and Petitioner has failed to comply with the Court's order.  Petitioner, furthermore, has failed to respond or otherwise object to the subject motion to dismiss.

### III.  FINDINGS AND CONCLUSIONS

It is therefore the recommendation of the Undersigned United States Magistrate Judge that  Respondent's Motion to Dismiss be granted, and that the Petition for Writ of Habeas Corpus  be dismissed, without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, **Douglass v. United Services Auto. Ass'n.**, 79 F.3d 1415, 1428-29

(5th Cir. 1996).

THIS the 30th day of July 2009.

S/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE